# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VOLGADNEPR - UNIQUE AIR CARGO, INC.<br>9400 Grogans Mills Road., Suite 220<br>The Woodlands, TX 77380<br><br>          Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE,<br><br>          Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. _____<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. VolgaDnepr - Unique Air Cargo, Inc. ("Volga Dnepr") brings this action against Defendant U.S. Department of Defense ("DOD"), the agency of which the United States Transportation Command ("USTRANSCOM") is a component, to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. By this action, Volga Dnepr seeks declaratory relief that DOD is in violation of the FOIA for both failing to produce and producing improperly redacted documents in response to USTRANSCOM FOIA request number 15-0064-F (the "First FOIA Request") and USTRANSCOM FOIA number 16-0038-F (the "Second FOIA Request"). Volga Dnepr also seeks injunctive relief ordering DOD to produce all documents responsive to the First FOIA Request and the Second FOIA Request in their entirety. In addition, Volga Dnepr seeks attorneys' fees and costs pursuant to 5 U.S.C § 552(a)(4).

## JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over DOD pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 1361.

- 2 -

4. Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

5. Plaintiff Volga Dnepr Unique Air Cargo, Inc. is a Delaware corporation headquartered in Texas. Plaintiff is part of the Volga Dnepr Group, which is the world leader in the unique, complex, oversize and heavy air cargo market. Every year, the Group carries more than 60,000 tons of cargo to more than 80 countries of the world. The airlines constituting the Group operate a unique fleet of ramp aircraft comprised of Antonov-124-100 'Ruslan' aircraft and Ilyushin-76 freighter aircraft, as well as Boeing 747 and 737 aircraft. Volga Dnepr Group's customer list includes many of the world's largest industrial corporations.

6. Plaintiff flies large scale transport missions on behalf of the U.S. military and other U.S. government agencies. The company also takes an active part in providing support to peacekeeping and humanitarian missions by international governmental organizations worldwide.

7. Defendant U.S. Department of Defense is a Department of the Executive Branch and is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). USTRANSCOM is a component of the DOD, which is at least one federal agency with possession of and control over the documents requested in FOIA request 15-0064.

## FACTUAL HISTORY

8. From 2002 to 2014, Volga Dnepr, as a subcontractor of Atlas Air, Incorporated, flew approximately 13,000 missions for USTRANSCOM transporting key materials to U.S. military operations abroad. These missions often placed Volga Dnepr's employees in danger. In addition to operating a business, Volga Dnepr viewed its work for USTRANSCOM as a public service in the global war on terrorism.

- 3 -

9.     In January 2015, *Air Force Magazine* published an article detailing USTRANSCOM's use of commercial aircraft to support military operations.  The article questioned USTRANSCOM's use of foreign companies "like Volga-Dnepr" and suggested that such companies were "(former?) friends."  In the article, USTRANSCOM tried to downplay its use of foreign carriers by saying that Russian aircraft are chartered "'only when we absolutely need to go to them.'"  The article is attached as <u>Exhibit 1</u>.

10.    In response to this public scrutiny of its actions, on February 9, 2015, USTRANSCOM abruptly terminated its relationship with Volga Dnepr and released an email pronouncing that Volga Dnepr "shall not be used" on USTRANSCOM contracts and tenders (the "<u>prohibition announcement</u>").  The prohibition announcement is attached hereto as <u>Exhibit 2</u>.

11.    USTRANSCOM offered Volga Dnepr no notice of or opportunity to respond to its decision.

12.    USTRANSCOM reinforced its decision to ban Volga Dnepr when it issued another prohibition announcement on March 5, 2015 (the "<u>second prohibition announcement</u>").  The agency again pronounced that Volga Dnepr could not be used on any USTRANSCOM contracts and tenders.  The second prohibition announcement is attached hereto as <u>Exhibit 3</u>.

13.    On May 27, 2015, USTRANSCOM issued a third prohibition announcement stating, without explanation, that Volga Dnepr was "unsuitable" for use on USTRANSCOM contracts and tenders (the "<u>third prohibition announcement</u>").  The third prohibition announcement is attached hereto as <u>Exhibit 4.</u>

14.    USTRANSCOM never explained why it was taking this extreme action in any of its three prohibition announcements, nor did it explain why it believed it had the authority to take such extreme action.  The agency's decision to ban Volga Dnepr from USTRANSCOM contracts

and tenders is confounding, particularly when Volga Dnepr continues to maintain its certification by the U.S. Government's Commercial Airlift Review Board and continues to be authorized for use on U.S. Department of State contracts.

15. USTRANSCOM's decision to ban Volga Dnepr from USTRANSCOM contracts and tenders has caused Volga Dnepr to suffer both reputational damage and monetary losses amounting to millions of dollars to date and which are continuing to accrue. Customers in the brokering, freight forwarding, and direct shipper markets have expressed concerns and confusion based on USTRANSCOM's abrupt and unexplained decision to ban Volga Dnepr and have refused or been hesitant to procure Volga Dnepr's services. Competitors have seized upon the ambiguities in USTRANSCOM's three prohibition announcements to disseminate disparaging misinformation and create confusion in the marketplace.

16. Volga Dnepr made many efforts to learn why USTRANSCOM banned it from USTRANSCOM contracts and tenders, but USTRANSCOM has never explained the basis for its decision or provided Volga Dnepr an opportunity to address any concerns that led to USTRANSCOM's decision. Over a year and a half has passed since USTRANSCOM issued its abrupt prohibition announcement with no apparent basis in law, but USTRANSCOM's decision remains in effect and shrouded in secrecy.

### DOD's FOIA Violations Relating to the First FOIA Request

17. In an effort to quell the market confusion causing Volga Dnepr significant and ongoing monetary losses, Volga Dnepr submitted a FOIA request to USTRANSCOM on May 11, 2015. The FOIA request sought information about the reasons behind USTRANSCOM's prohibition announcements. The FOIA request was assigned number 15-0064-F by USTRANSCOM and is attached hereto as Exhibit 5.

18. On December 15, 2015, 230 days after Volga Dnepr's First FOIA Request, USTRANSCOM released a 41-page response to Volga Dnepr, of which 37 pages were redacted in part or in full. USTRANSCOM's FOIA response is attached hereto as <u>Exhibit 6</u>.[1]  Only four pages of the response are truly relevant, and these pages are heavily redacted.   Further, in its response, USTRANSCOM  improperly:

    a. Withheld six pages without providing any explanation and without specifying any exemption under which USTRANSCOM was redacting documents, in violation of 5 U.S.C. § 552(b), which specifies that "the amount of information deleted, and the exemption under which the deletion is made, shall be indicated on the released portion of the record."

    b. Redacted portions of documents as "non-responsive" without further explanation, despite the fact that the documents themselves were clearly responsive to USTRANSCOM's searches, in further violation of  5 U.S.C. § 552(b).  *See, e.g.*, Exhibit 6 at SPB01, Memo re Foreign Flag AN-124 Support.

    c. Redacted portions of documents as classified that appear to be unclassified or based on public sources. For example, the document "FEV Review of TDS Contract" is marked unclassified, but is partially redacted.  *Compare* Exhibit 6 at SPB030 with Exhibit 6 at SPB021; *see also* SPB041, Foreign Entity Vetting Report at 4 (redacted but citing to media reports).  Under the classified records exception, 5 U.S.C. § 552(b)(1), only records that "are in fact properly classified pursuant to [an] Executive order" may be withheld.

---

[1] Plaintiff has added bates numbers to Exhibit 6 to facilitate citation of specific pages of the response.

       d.    Redacted portions of a document, citing attorney client privilege, on which an attorney was merely copied.  *See* Exhibit 6 at SPB012, March 4, 2015 email chain regarding "Subcontracted Air Carriers-Update."  "[C]arbon copying some emails to in-house counsel will not provide the basis for attaching the attorney-client privilege." *Zelaya v. UNICCO Serv. Co.*, 682 F. Supp. 2d 28, 39 (D.D.C. 2010).

       e.    Broadly redacted large portions of most documents, including the names and titles of individuals on email chains, citing the personal information exemption, 5 U.S.C. § 552(b)(6).  As this Circuit has recognized, the individual privacy interest is slight when it is that of "anonymity of criticism on purely commercial matters." *Bd of Trade of Chi v. Commodity Futures Trading Com.*, 627 F.2d 392, 400 (D.C. Cir. 1980).  Further, by withholding this information, USTRANSCOM is evading disclosing who within the government made the decision to ban Volga Dnepr and whether any such person was authorized to do so.

    19.    USTRANSCOM failed to make reasonable efforts to conduct a search for the records Volga Dnepr requested.  It is unfathomable that USTRANSCOM could make a decision to ban Volga Dnepr, a company that flew over 13,000 missions for it, from USTRANSCOM contracts and tenders based solely on a few dozen pages of paper.  In fact, it is obvious that USTRANSCOM withheld key documents that were responsive to Volga Dnepr's request, such as the underlying documents on which USTRANSCOM relied to produce the "FEV Review of TDS Contract" PowerPoint presentation and the underlying documents on which USTRANSCOM relied for the February 19, 2015 briefing of Atlas Air.  USTRANSCOM could

not have taken action against Volga Dnepr without any underlying documentation to support its findings, and USTRANSCOM could not have engaged in a reasonable search without locating these documents.

20. In response to USTRANSCOM's grossly deficient response to the First FOIA Request, Volga Dnepr, through counsel Squire Patton Boggs (US) LLP ("SPB"), timely filed an appeal with the OSD / Joint Staff Freedom of Information Office on February 12, 2016. The appeal is attached hereto as Exhibit 7.

21. On February 17, 2016, the DOD informed SPB that it could not comply with the 20-day appeal response period mandated by 5 U.S.C. § 522(a)(6)(A)(ii), but did not specify the reasons for needing such an extension, as required by 5 U.S.C. § 552(a)(6)(B)(i). The DOD letter is attached hereto as Exhibit 8.

22. On April 18, 2016, SPB sent a letter to the OSD / Joint Staff Freedom of Information Office requesting additional information concerning the DOD's delayed response to the appeal. The letter is attached hereto as Exhibit 9. Six months have passed since then, and Volga Dnepr and SPB have not received any further communication from the DOD concerning the appeal. Therefore, Volga Dnepr has exhausted all administrative remedies. *See Spannaus v. Department of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987) (noting that constructive exhaustion is triggered when an agency fails to respond within twenty days after receipt of an appeal).

DOD's FOIA Violations Relating to the Second FOIA Request

23. In a further effort to glean any information concerning USTRANSCOM's decision to ban Volga Dnepr from USTRANSCOM contracts and tenders, on March 28, 2016, Volga Dnepr delivered a second set of FOIA requests seeking information concerning the

prohibition announcements.  The FOIA requests were assigned USTRANSCOM FOIA number 16-0038-F and are attached hereto as Exhibit 10.

24.     USTRANSCOM has yet to respond to the Second FOIA Request, despite numerous communications on the part of SPB, acting as counsel for Volga Dnepr.  See Exhibits 11-13 (emails detailing communications between SPB and USTRANSCOM).

25.     As six months have passed since USTRANSCOM was required to respond to Volga Dnepr's Second FOIA Request, Volga Dnepr has exhausted its administrative remedies. *See, e.g., Accuracy in Media, Inc. v. NTSB*, No. 03-0024 (CKK), 2006 WL 826070, at *6 (D.D.C. Mar. 29, 2006) (finding constructive exhaustion because plaintiff filed its FOIA complaint seven months after NTSB received its request and before NTSB complied with it).

### PLAINTIFF'S CLAIMS FOR RELIEF

#### CAUSE OF ACTION I
(Violation of FOIA relating to Plaintiff's First FOIA Request)

26.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

27.     Volga Dnepr submitted the First FOIA Request to USTRANSCOM on May 11, 2015, pursuant to and in compliance with the FOIA and applicable DOD regulations.

28.     Defendant possesses and has control of, or has a right to obtain, the documents requested in the First FOIA Request.

29.     Defendant wrongfully refused to produce documents requested in the First FOIA Request, in violation of 5 U.S.C. § 552(a)(3)

30.     Defendant wrongfully redacted documents it produced in response to the First FOIA Request, in violation of 5 U.S.C. § 552(a)(3).

31.     Defendant failed to conduct reasonable efforts to search for and collect the documents requested in the First FOIA Request, in violation of 5 U.S.C. § 552(a)(3)(C).

32. Defendant failed to timely produce the records sought by Plaintiff's First FOIA Request, in violation of 5 U.S.C. §§ 552(a)(3)(A) and (a)(6)(A)(i).

33. Defendant failed to timely decide Plaintiff's appeal of USTRANSCOM's wrongful withholding and wrongful redaction of records sought by Plaintiff's First FOIA Request, in violation of 5 U.S.C. § 552(a)(6)(A)(ii).

34. Defendant's improper withholding and redaction of documents responsive to Plaintiff's request has injured Plaintiff, as Plaintiff has been denied access to critical records that would aid it in dispelling market confusion concerning Defendant's decision to ban Volga Dnepr from USTRANSCOM contracts and tenders and the basis for Defendant's prohibition announcements.

35. Plaintiff has exhausted all applicable administrative remedies with respect to Defendant's wrongful withholding and wrongful redactions of the requested documents.

36. Plaintiff is entitled to injunctive and declaratory relief requiring Defendant to produce all requested documents without redaction.

37. Plaintiff is also entitled to an Order of the Court requiring Defendant to prepare and deliver a Vaughn index detailing the underlying basis for each of Defendant's assertions of an exemption under 5 U.S.C. § 552(b).

## CAUSE OF ACTION II
### (Violation of FOIA relating to Plaintiff's Second FOIA Request)

38. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

39. Volga Dnepr submitted the Second FOIA Request to USTRANSCOM on March 28, 2016, pursuant to and in compliance with the FOIA and applicable DOD regulations.

40. Defendant possesses and has control of, or has a right to obtain, the documents requested in the Second FOIA Request.

41.     Defendant wrongfully refused to produce documents requested in the Second FOIA Request, in violation of 5 U.S.C. § 552(a).

42.     Defendant failed to conduct reasonable efforts to search for and collect the documents requested in the Second FOIA Request, in violation of 5 U.S.C. § 552(a)(3)(C).

43.     Defendant failed to timely produce the records sought by Plaintiff's Second FOIA Request, in violation of 5 U.S.C. §§ 552(a)(3)(A) and (a)(6)(A)(i).

44.     Defendant's improper withholding and redaction of documents responsive to Plaintiff's request has injured Plaintiff, as Plaintiff has been denied access to critical records that would aid it in dispelling market confusion concerning Defendant's decision to ban Volga Dnepr from USTRANSCOM contracts and tenders and the basis for Defendant's prohibition announcements.

45.     Plaintiff has exhausted all applicable administrative remedies with respect to Defendant's wrongful withholding of the requested documents.

46.     Plaintiff is entitled to injunctive and declaratory relief requiring Defendant to produce all requested documents without redaction.

47.     Plaintiff is also entitled to an Order of the Court requiring Defendant to prepare and deliver a Vaughn index detailing the underlying basis for each of Defendant's assertions of an exemption under 5 U.S.C. § 552(b).

## REQUESTED RELIEF

WHEREFORE, Plaintiff hereby requests a Judgement:

a.      Declaring Defendant's withholding of documents responsive to FOIA request number 15-0064-F to be a violation of 5 U.S.C. § 552(a);

b. Declaring Defendant's redaction of documents responsive to FOIA request number 15-0064-F to be a violation of 5 U.S.C. § 552(a);

c. Declaring Defendant's failure to conduct reasonable efforts to search for documents responsive to FOIA request number 15-0064-F to be a violation of 5 U.S.C. § 552(a)(3)(C).

d. Declaring Defendant's failure to timely produce documents responsive to FOIA request number 15-0064-F to be a violation of 5 U.S.C. §§ 552(a)(3)(A) and (a)(6)(A)(i).

e. Declaring Defendant's failure to timely decide Plaintiff's appeal of USTRANSCOM's wrongful withholding and wrongful redaction of records sought by Plaintiff's FOIA request number 15-0064-F, to be a violation of 5 U.S.C. § 552(a)(6)(A)(ii).

f. Declaring Defendant's withholding of documents responsive to FOIA request number 16-0038-F to be a violation of 5 U.S.C. § 552(a);

g. Declaring Defendant's failure to conduct reasonable efforts to search for documents responsive to FOIA request number 16-0038-F to be a violation of 5 U.S.C. § 552(a)(3)(C).

h. Declaring Defendant's failure to timely produce documents responsive to FOIA request number 16-0038-F to be a violation of 5 U.S.C. §§ 552(a)(3)(A) and (a)(6)(A)(i).

i. Ordering Defendant to conduct a thorough search for all records responsive to FOIA request number 15-0064-F;

j. Ordering Defendant to produce an unredacted copy of all records responsive to FOIA request number 15-0064-F;

k. Ordering Defendant to conduct a thorough search for all records responsive to FOIA request number 16-0038-F;

- 12 -

l.       Ordering Defendant to produce an unredacted copy of all records responsive to FOIA request number 16-0038-F;

m.      Awarding Plaintiff its reasonable attorneys' fees and litigation costs in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

n.       Granting such other relief as this Court deems just and proper.

Dated: October 26, 2016                     Respectfully submitted,

_____
T. Michael Guiffré, (D.C. Bar No. 465745)
Squire Patton Boggs (US) LLP
2550 M Street, N.W.
Washington, D.C.  20037
Phone: 202.457-6000
Fax: 202.457-6315
michael.guiffre@squirepb.com

*Counsel for Plaintiff*